Present:  Carrico, C.J., Compton, Stephenson,[*] Lacy, Hassell, Keenan, and Koontz, JJ.

CARLOTTA JURY

v.     Record No. 962341    OPINION BY JUSTICE ELIZABETH B. LACY
                                        September 12, 1997
GIANT OF MARYLAND, INC., ET AL.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Michael P. McWeeny, Judge

In this appeal, we consider whether Code § 18.2-105 provides a merchant absolute immunity from civil liability for assault and battery, negligence, and intentional infliction of emotional distress alleged to have occurred during the detention of a customer suspected of shoplifting.

On January 23, 1993, 46-year-old Carlotta Jury went to a Giant Food store in Annandale, Virginia, to exchange a prescription for her niece and purchase some other items.  She left two of her children, ages three and ten, in her car. After exchanging the prescription and selecting some batteries and hair ties, she returned to the front of the store, ready to check out.  At that point, a man who did not identify himself approached her, grabbed her arm, and told her to accompany him. When she refused, he hit her in the chest, causing her to fall backward into the aisle between the cash registers.  As Jury attempted to catch her breath, the man continued to lean over her and tried to jerk her up by pulling on her arm.  Another unidentified man approached and, along with the first man, took

[*]Justice Stephenson participated in the hearing and decision of this case prior to the effective date of his retirement on July 1, 1997.

Jury to a storage area in the back of the store.  The first man twisted Jury's arm behind her back and shoved her while walking her to the back of the store.  Jury later discovered that the first man who approached her was Arthur Bridcott, a security guard for the Giant Food store, and the second man was James Parker, manager of the store.

As the three reached the back of the store, one of the men kicked Jury in the back of the leg, knocking her to the floor.  Her face fell in a pile of dirt, and the men were "scrounging" her face in the dirt.  Jury tried to ask what was going on, but they told her to "[s]hut up," "[y]ou're a thief," and "[w]e're taking care of this and we're going to take care of you."  The men called Jury crude and obscene names and subjected her to similarly crude and obscene remarks and gestures.  Parker, the manager, picked Jury up off the floor by her hair, pulling some of it out of her head, and "stomped" on her foot.  The men refused to allow her to use the restroom, and when she tried to tell them that her children were in the car and she was worried about them, the men responded "we'll take care of that or Social Services will."

Jury was detained in the back of the store for approximately one hour.  The security guard, Bridcott, told Jury that they would let her go if she provided a written confession and if she would not come back to the store.  She refused, stating that she had done nothing wrong.  Parker asked

Bridcott what merchandise Jury had concealed, and Bridcott responded that Jury had taken possession of batteries and hair ties. The men handcuffed Jury and summoned the police. Jury was arrested and escorted to the police station. She was released later that evening and went to the hospital the next day. At the hospital, Jury was treated, x-rayed, bandaged, given medication and a neck collar, and advised to see an orthopedic doctor.

Jury was subsequently convicted of concealment of merchandise in the general district court. That conviction was reversed on appeal to the circuit court.

Jury filed a motion for judgment alleging assault and battery, negligence, and intentional infliction of emotional distress, against Giant of Maryland, Inc. and its employees involved in Jury's detention at the Giant Food store (collectively "Giant"). She sought recovery for injuries she sustained during her detention. Prior to trial, Giant's motion for summary judgment on the assault and battery and negligence claims was granted and the claims were dismissed based on the trial court's determination that § 18.2-105 granted Giant immunity from civil liability for these claims.

Following Jury's presentation of evidence on her intentional infliction of emotional distress claim, the trial court granted Giant's motion to strike, holding that § 18.2-105 also provided Giant with immunity from civil liability based on

3

this claim.  We awarded Jury an appeal and, because we concur

with Jury's assertion that § 18.2-105 does not provide a

merchant with absolute immunity, we will reverse the judgment

of the trial court and remand the case for further proceedings.

> Code § 18.2-105 provides in pertinent part that:
> [a] merchant, agent or employee of the merchant, who
> causes the arrest or detention of any person . . .
> shall not be held civilly liable for unlawful
> detention, if such detention does not exceed one
> hour, slander, malicious prosecution, false
> imprisonment, false arrest, or assault and battery of
> the person so arrested or detained . . . provided
> that . . . the merchant, agent or employee . . . had
> at the time of such arrest or detention probable
> cause to believe that the person had shoplifted or
> committed willful concealment of goods or
> merchandise.

We construed this statute in F.B.C. Stores, Inc. v. Duncan, 214

Va. 246, 198 S.E.2d 595 (1973), as encompassing "virtually all

of the intentional torts to person recognized at common law"

and determined that the "scope" of the immunity "intended by

the General Assembly was very broad."  Id. at 249, 198 S.E.2d

at 598.  We also, however, reaffirmed the principle that, in

construing statutes, "courts presume that the legislature never

intends application of the statute to work irrational

consequences."  Id. at 249-50, 198 S.E.2d at 598.

Construing this statute to provide absolute immunity as

the trial court has done, and as Giant urges here, requires the

conclusion that the General Assembly intended to shield a

merchant, its agents or employees, from any and all types of

assaults and batteries.  Under this construction, a merchant

4

would not be civilly liable for breaking a suspected shoplifter's legs or for other extreme assaultive actions taken to detain a suspected shoplifter. We cannot ascribe such an intent to the General Assembly.

Because we have concluded that the immunity granted by § 18.2-105 is not absolute, we must determine the scope of that immunity. We are again guided by Duncan. In that case, we stated that the statute represented the General Assembly's attempt to "strike a balance between one man's property rights and another man's personal rights." Id. at 251, 198 S.E.2d at 599. The statute "enlarged" a merchant's rights to protect his property, but did not enlarge them "infinitely," and diminished, but did not extinguish, "the litigable rights of the public."

As applied to the issue in this case, we conclude that the balance between personal and property rights in § 18.2-105 is achieved by providing immunity from civil liability based on a wide range of torts, but not extending such immunity in circumstances in which the tort is committed in a willful, wanton or otherwise unreasonable or excessive manner. Under our construction, merchants, their agents or employees are shielded from civil liability for actions reasonably necessary to protect the owners' property rights by detaining suspected shoplifters. But, individuals retain their "litigable rights" in the circumstances just noted. This construction of the

statute is also consistent with the limitations imposed on other legislative grants of immunity from civil liability. See, e.g., §§ 8.01–220.1:1, –225, –225.1, –226.2, –226.3; 22.1–303.1; 54.1-2502, –2907, –2908, –2922, –2923, –2924.

In light of our construction of the statute, we conclude that dismissing Jury's motion for judgment on the basis that § 18.2–105 provided Giant with absolute immunity from the claims asserted by Jury was error.  Accordingly, we will reverse the judgment of the trial court and remand the case for further proceedings, consistent with this opinion.

Reversed and remanded.